UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )    Chapter 7
KATHRYN RENEE MITCHELL,         )
                                )    Bankruptcy No. 05-05637
     Debtor.                    )
                                )
_____
BENJAMIN MITCHELL and           )
DANIEL P. MITCHELL,             )
                                )    Adversary No. 07-09160
     Plaintiffs,                )
                                )
vs.                             )
                                )
KATHRYN BIGELOW,                )
f/k/a KATHRYN MITCHELL,         )
                                )
     Defendant.                 )
```

**ORDER RE: PRE-ANSWER MOTION TO DISMISS
AND REQUEST FOR SANCTIONS**

   This matter came before the undersigned for telephonic hearing on December 14, 2007 on Defendants' Pre-Answer Motion to Dismiss and Request for Sanctions. Plaintiffs Benjamin Mitchell and Daniel Mitchell were represented by Attorney Peter Riley. Debtor/Defendant was represented by Attorney Thomas Fiegen. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

   Plaintiffs filed a complaint seeking to except debts from discharge under § 523(a)(3) or (a)(6). They also request authorization to file actions in state court and orders tolling the statutes of limitations on their claims. Debtor moves to dismiss, asserting the dischargeability complaint was not timely filed. She also requests Rule 9011 sanctions.

**STATEMENT OF FACTS**

   Debtor filed her Chapter 7 petition on October 10, 2005. The deadline to file a complaint to determine dischargeability of debts under § 523(a)(6) was January 13, 2006. Debtor included Plaintiff Daniel P. Mitchell as an unsecured creditor on Schedule

F and listed him on the creditor matrix to receive notice of the case.  She did not list Plaintiff Benjamin Mitchell on Schedule F or on the creditor matrix.  Debtor received her discharge on February 3, 2006 and the case was closed.  Plaintiffs reopened the case on October 4, 2007 to institute this adversary proceeding.  They filed their complaint on October 8, 2007.

     At the hearing, counsel for Plaintiffs conceded that timely notice of Debtor's Chapter 7 case was mailed to Daniel Mitchell.  While not conceding that this bars him from pursuing this adversary proceeding, he appears to recognize the implications of such notice.  Based on this concession, the Court concludes that Daniel Mitchell had notice and opportunity to timely pursue any claims he may have held.  Having failed to do so, he is now barred from asserting his claims.  The Court concludes that it is appropriate to dismiss Count II of the Complaint and to dismiss Plaintiff Daniel Mitchell as a party in this action.

     Plaintiff Benjamin Mitchell asserts he is not barred from bringing a dischargeability action because he did not have notice of Debtor's Chapter 7 case.  Count I of the complaint asserts a claim of willful injury by Debtor arising from her assault on Benjamin Mitchell, her stepson, in 2002 when he was a minor.  He turned 18 years old on November 30, 2006.  At the hearing, counsel for Benjamin Mitchell disclosed that he filed a petition against Debtor in Iowa District Court on November 30, 2007, the date on which the statute of limitations would arguably expire.

     Debtor's Motion to Dismiss asserts that Benjamin Mitchell, who was a minor when she filed her Chapter 7 petition, received notice of the case through the notice given to his father, Daniel Mitchell.  Debtor argues that Benjamin Mitchell's action against her is barred by the § 524(a) discharge injunction.

     Debtor also requests sanctions against Plaintiffs under Rule 9011 and for violation of the discharge injunction.  She asserts Daniel Mitchell, knowing of her bankruptcy case, has acted improperly by reasserting a claim he had previously dismissed in a state court action solely to harass and intimidate her.  Daniel Mitchell responds that he was not aware that he was listed as a creditor in Debtor's schedules because Debtor listed the creditors alphabetically by first names, rather than by last names.  He concedes he probably got notice of the case but, in light of other notices he was receiving from the Bankruptcy Court around the same time, he did not see it.

**CONCLUSIONS OF LAW**

2

Debtor does not cite a rule of procedure under which the Court should rule on her motion to dismiss.  The Court assumes Debtor is claiming Plaintiffs have failed to state a claim upon which relief can be granted under Rule 12(b)(6).  Fed. R. Civ. P. 12; Fed. R. Bankr. P. 7012(b).  The issue under Rule 12(b)(6) is whether Plaintiffs are entitled to offer evidence in support of their claims, not whether Plaintiffs will ultimately prevail. Schuster v. Anderson, 413 F. Supp. 2d 983, 995 (N.D. Iowa 2005). A court should grant the motion and dismiss the action "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 457 U.S. 69, 73 (1984); Handeen v. Lemaire, 112 F.3d 1339, 1347 (8th Cir. 1997).  The factual allegations contained in the complaint are accepted as true and construed in the light most favorable to the plaintiff. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 163-65 (1993); Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998).

Rule 4007(c) establishes a deadline for filing a complaint to determine dischargeability of a debt under § 523(c) of 60 days after the first date set for the meeting of creditors.  Fed. R. Bankr. P. 4007(c).  This rule is analogous to statutes of limitations and is strictly construed.  In re Harbaugh, 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003).  An exception to the Rule exists in § 523(a)(3)(B) for creditors who do not receive adequate notice of the bankruptcy case.  Id.  Under that section, entry of a discharge does not discharge any debt –

> neither listed nor scheduled under section 521(*l*) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit-
> . . .
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3)(B).  The rules do not contain a deadline for filing a complaint under § 523(a)(3).  Harbaugh, 301 B.R. at 320.

3

The bankruptcy court shares concurrent jurisdiction with state courts to determine dischargeability under § 523(a)(3)(B). In re Everly, 345 B.R. 791, 976 (B.A.P. 8th Cir. 2006). Either court can consider the elements of § 523(a)(3)(B), which include whether: 1) the creditor was known to the debtor, 2) the debtor failed to schedule the debt, 3) the debtor failed to provide the creditor with notice of the case, 4) the creditor did not have timely actual knowledge, and 5) the debt is of a kind specified in § 523(a)(2), (4) or (6). See Everly, 345 B.R. at 797; In re Lottes, 226 B.R. 634, 637 (Bankr. E.D. Mo. 1998).

"The burden of establishing that a creditor has received appropriate notice rests with the debtor." In re Hairopoulos, 118 F.3d 1240, 1244 (8th Cir. 1997). The creditor bears the burden of demonstrating the merits of a claim under § 523(a)(2), (4) or (6). In re Wright, 266 B.R. 848, 851 (Bankr. E.D. Ark. 2001).

**ANALYSIS**

As noted above, Plaintiff Daniel Mitchell concedes Debtor scheduled him as a creditor and he received notice of the case. Thus, Count II of the complaint should be dismissed. No relief can be granted to Plaintiff Daniel Mitchell pursuant to § 523(a)(3)(B) or (a)(6) under these facts.

Count I of the complaint alleges that Debtor's bankruptcy filing failed to identify Plaintiff Benjamin Mitchell as a creditor and he did not have notice or actual knowledge of the case in time to file a complaint to except debt from discharge. Accepting these factual allegations as true and construing Count I in the light most favorable to Benjamin Mitchell, the Court must deny Debtor's Motion to Dismiss. The complaint properly alleges all the elements of a claim under § 523(a)(3)(B). Debtor's argument that Benjamin Mitchell had appropriate notice of the case through the notice Daniel Mitchell concedes he received is not grounds to dismiss the complaint. Rather, it raises issues of fact regarding Benjamin Mitchell's underlying claim.

Debtor requests sanctions under Rule 9011 and § 524. A determination of whether such sanctions are appropriate requires a more complete record than that currently presented to the Court. As such, the Court will not order sanctions at this time.

**WHEREFORE**, the Pre-Answer Motion to Dismiss and Request for Sanctions is GRANTED IN PART and DENIED IN PART.

**FURTHER**, Plaintiff Daniel Mitchell had actual notice of Debtor's Chapter 7 filing.  He is now barred from pursuing this claim and he is dismissed as a party to this action.  Count II of the Complaint is DISMISSED.

**FURTHER**, the remainder of the relief requested in Debtor's Motion to Dismiss is DENIED.

DATED AND ENTERED:  January 3, 2008

*[signature]*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE