UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )    Chapter 7
KATHRYN RENEE MITCHELL          )
                                )    Bankruptcy No. 05-05637
     Debtor.                    )
                                )
BENJAMIN MITCHELL               )
                                )    Adversary No. 07-09160
     Plaintiff,                 )
                                )
vs.                             )
                                )
KATHRYN BIGELOW,                )
f/k/a KATHRYN MITCHELL,         )
     Defendant.                 )
```

**ORDER RE: COMPLAINT**

This matter came before the undersigned on March 3, 2009 on the Complaint to Determine Dischargeability and Motion for Leave to File Petition at Law in State Court or in the Alternative to Toll the Statute of Limitations.  Plaintiff Benjamin Mitchell was represented by Attorney Peter C. Riley.  Debtor/Defendant Kathryn Bigelow was represented by Attorney Thomas L. Fiegen.  After the presentation of evidence, the Court took the matter under advisement.  The time for filing briefs has now passed and this matter is ready for resolution.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Plaintiff Benjamin Mitchell alleges that his claim against Debtor Kathryn Bigelow is excepted from Debtor's discharge under 11 U.S.C. § 523(a)(3) based upon Debtor's alleged failure to provide Mitchell notice of Bigelow's bankruptcy case.  Debtor denies the debt is nondischargeable because: (1) Plaintiff received legal notice; or (2) Debtor did not know Plaintiff had a claim; or (3) Plaintiff has no claim.

**FINDINGS OF FACT**

Debtor filed a Chapter 7 bankruptcy petition on October 10, 2005.  The deadline to file a complaint to determine dischargeability of debts under § 523(a)(6) was January 13, 2006. Debtor included Plaintiff's father as an unsecured creditor on

Schedule F and listed him on the creditor matrix to receive notice of the case. She did not list Plaintiff on Schedule F or on the creditor matrix. Debtor received a discharge on February 3, 2006. Notice of Debtor's bankruptcy case appeared in the Cedar Rapids Gazette on May 31, 2006. Plaintiff alleges that he did not learn of Debtor's bankruptcy until after her discharge.

On October 4, 2007, Plaintiff moved to reopen the case to institute an adversary proceeding. Plaintiff alleges that he has a claim against Debtor for assault arising out of an altercation between Plaintiff, Debtor and other family members on September 15, 2002. At the time of the incident, Plaintiff was a minor. He turned 18 on November 30, 2007. Plaintiff filed a petition against Debtor in Iowa District Court on November 30, 2008, the date on which the statute of limitations would have arguably expired under Iowa law.

## CONCLUSIONS OF LAW

Rule 4007(c) establishes a deadline for filing a complaint to determine dischargeability of a debt under § 523(a)(6). The deadline is 60 days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 4007(c). Under § 523(a)(3)(B), an exception applies to Rule 4007(c) if the debt was:

> Neither listed nor scheduled under Section 521(l) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit-
>
> . . .
>
> (B) if such debt is of a kind specified in paragraph (2), (4), (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3). The rules do not contain a deadline for filing a complaint under § 523(a)(3). In re Harbaugh, 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003).

The bankruptcy court shares concurrent jurisdiction with state courts to determine dischargeability under § 523(a)(3). In re Everly, 346 B.R. 791, 796 (B.A.P. 8th Cir. 2006). Either

court can consider the elements of § 523(a)(3), which include whether: (1) the creditor was known to the debtor; (2) the debtor failed to schedule the debt; (3) the debtor failed to provide the creditor with notice of the case; (4) the creditor did not have timely knowledge; and (5) the debt is of the kind specified in § 523(a)(2), (4), or (6).  See id. at 797; In re Lottes, 226 B.R. 634, 637 (Bankr. E.D. Mo. 1998).  "The burden of establishing that a creditor has received appropriate notice rests with the debtor."  In re Hairopoulos, 118 F.3d 1240, 1244 (8th Cir. 1997).  The creditor bears the burden of proving the merits of the underlying § 523(a)(2), (4) or (6) claim.  In re Wright, 266 B.R. 848, 851 (Bankr. E.D. Ark. 2001).

### NOTICE TO DIFFERENT TYPES OF CREDITORS

Case law divides creditors into three categories for purposes of determining whether the debtor has provided sufficient notice.  A debtor is required to provide actual written notice to "known" creditors.  City of New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 296 (1953).  A creditor is "known" if his identity is known or "readily ascertainable" by the debtor.  Tulsa Professional Collection Serv., Inc. v. Pope, 485 U.S. 478, 490 (1988).  If a debtor could have identified a creditor by "reasonably diligent efforts", the creditor's identity is "readily ascertainable."  Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 798 n.4 (1983).  The debtor is not required to make "impracticable and extended searches" or "search out every conceivable or possible creditor and urge that person or entity to make a claim against it."  In re Charter Co., 125 B.R. 650, 654-655 (M.D. Fla. 1991).

Notice by publication is sufficient for "unknown" creditors or if the debtor reasonably believed the creditor abandoned the claim.  Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 316-317 (1950).  An unknown creditor is someone whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  Id.

A debtor having "no basis to assume or even to suspect" a creditor would ever assert a claim is not required to serve notice.  In re Wilson, 200 B.R. 72, 74 (Bankr. M.D. Fla. 1996) (stating that the debtor had no duty to notify where the debtor had no idea the creditor would sue the debtor); Lottes, 226 B.R. at 636 (finding a debtor who had no knowledge of the creditor's claim would not be held accountable for not listing a creditor on its bankruptcy schedules).

In summary, a debtor must provide written notice to a "known" creditor. Notice by publication is sufficient notice for an "unknown" creditor. No notice is required if the debtor had no basis to believe a creditor exists.

**NOTICE TO A MINOR**

The Bankruptcy Code requires that notice be given "of an order for relief in a case under this title." 11 U.S.C. § 342(a) & Fed. Rule Bankr. P. 2002(f)(1). Rule 2002(g) provides:

> Except as provided in § 342(f) of the Code, if a creditor or indenture trustee has not filed a request designating a mailing address under Rule 2002(g)(1) or Rule 5003(e), the notices shall be mailed to the address shown on the list of creditors or schedule of liabilities, whichever is filed later.

Debtors must follow a unique set of rules for listing and notifying a minor of a bankruptcy case. Rule 1007(m) provides the proper method of listing a minor if the debtor knows of his minority:

> If a debtor knows that a person on the list of creditors or schedules is an infant or incompetent person, the debtor shall also include the name, address, and legal relationship of any person upon whom process would be served in an adversary proceeding against the infant or incompetent person in accordance with Rule 7004(b).

Fed. R. Bankr. P. 1007(m). Rule 7004(b) provides that in an adversary proceeding, notice to a minor is made:

> . . . by mailing a copy of the summons and complaint to the person whom process is prescribed by the law of the state in which service is made when an action is brought against such a defendant in the courts of general jurisdiction of that state.

Fed. R. Bankr. P. 7004(b). According to Iowa Rule 1.305(2), notice is made:

> Upon a minor by serving the minor's conservator or guardian, unless the notice is served on behalf of such conservator or guardian, or the minor's parent, or some person aged 18 years or more who has the minor's care

>    and custody, or with whom the minor resides, or in
>    whose service the minor is employed.

Iowa R. Civ. P. 1.305(2).

Thus, the Bankruptcy Rules and Iowa Rule have different requirements for listing a creditor who is a minor and service of notice upon a minor. To properly list a minor creditor, the debtor must list both the creditor and the creditor's parent only if debtor knows that the creditor is a minor. To properly notify a minor of the debtor's bankruptcy case, the debtor is only required to notify the minor's parent because Iowa considers notification to a minor's parent sufficient to protect the interests of the minor. <u>In re Wissink's Estate</u>, 46 N.W.2d 717, 721 (Iowa 1951). The Seventh Circuit came to a similar conclusion in <u>In re Chicago, Rock Island and Pacific R. Co.</u>, 788 F.2d 1280, 1283 (7th Cir. 1986) (finding that minor received appropriate notice because trustee mailed a proof of claim form to the minor's mother).

## ANALYSIS

Debtor alleges that Plaintiff's claim should be discharged because Debtor did not know Plaintiff was a potential creditor. Alternatively, she argues that notice was sufficient. This Court concludes that Debtor had no reasonable basis to believe Plaintiff was a potential creditor. Even if Plaintiff was a known creditor, Debtor's service of notice upon Plaintiff's father was sufficient.

Debtor alleges that she was not required to provide notice because she had no basis to believe Plaintiff was a potential creditor. The facts establish that Plaintiff's claim arose out of an incident that occurred more than three years prior to Debtor's bankruptcy case. There is no evidence establishing that Plaintiff put Debtor on notice of a claim or potential claim until after the entry of Debtor's discharge. Plaintiff did not file his lawsuit until five years after the incident. Because of the nature of the bckground incident and the passage of time, this Court concludes that Debtor had no basis to assume or suspect that Plaintiff was a potential claimant. Because of this lack of knowledge, Debtor had no duty to provide either written notice or notice by publication.

Even if the Court had concludes that Debtor had reason to know of Plaintiff's claim, the law is clear that Debtor provided sufficient legal notice. Plaintiff argues that notice was insufficient because (1) Debtor did not include Plaintiff's name

5

in Schedule F or her creditor matrix; and (2) service of notice on the Plaintiff's father was not sufficient because Debtor did not live with his father.

Plaintiff asserts that notice was not sufficient because Debtor failed to list him as a creditor on Schedule F or on her creditor matrix. Rule 1007(m) provides that Debtor must list Plaintiff and Plaintiff's father in the schedules in order for Plaintiff to be properly listed. The issue, however, is not whether Debtor properly listed Debtor as a creditor, but whether Plaintiff received sufficient notice under § 523(a)(3)(B). The sufficiency of notice is determined by separate standards. Although Debtor did not list Plaintiff in her bankruptcy schedules or creditor matrix, she did provide notice to Plaintiff's father. In a hearing before this Court on December 14, 2008, Plaintiff's father admitted that he received notice of Debtor's bankruptcy prior to the bar date. Under Iowa law, Debtor's service of notice on Plaintiff's father was sufficient to provide notice of the bankruptcy case to Plaintiff. Furthermore, pursuant to § 523(a)(3)(B) and Rule 1007(m), Debtor was not required to include Plaintiff's name on schedules because he was not a "known" creditor.

Plaintiff's also asserts that service of notice on Plaintiff's father was not sufficient because Plaintiff was living with his mother at the time of Debtor's bankruptcy (Pl's Portion of Joint Pretrial Statement at 3 (Doc. 18)). Plaintiff did not provide, and this Court could not find, legal support why this fact, even if established, modifies the legal standard. Plaintiff's father had notice of Debtor's bankruptcy proceeding. Notice to Plaintiff's father is sufficient to establish that Plaintiff had adequate legal notice.

### SUMMARY

Plaintiff alleges that under § 523(a)(3)(B), his claim against Debtor is excepted from discharge because he is a known creditor and Debtor failed to provide adequate notice. This Court finds that Debtor had no basis to believe Plaintiff was a potential claimant. As such, she had no duty to provide notice. Even if Plaintiff was a known creditor, Debtor has established that she provided sufficient notice by sending service of notice to Plaintiff's father. Plaintiff has not demonstrated that his claim is excepted from discharge under § 523(a)(3).

**WHEREFORE**, the Complaint to Determine Dischargeability and Motion for Leave to File Petition at Law in State Court or in the Alternate to Toll the Statute of Limitations is DENIED.

6

    **FURTHER**, Debtor Kathryn Bigelow has established that she (1) had no duty to provide notice because she had no basis to believe Plaintiff had a claim, and (2) provided sufficient notice to Plaintiff's father.

    **FURTHER**, judgment shall enter accordingly.

Dated and Entered:

*/s/ Paul J. Kilburg*

Paul J. Kilburg
Bankruptcy Judge